United States District Court
Southern District of Texas
**ENTERED**
March 02, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WINSTON HAMILTON,              §
                               §
    *Plaintiff,*              §
                               §
v.                             §     CIVIL ACTION NO. 4:21-cv-4070
                               §
DUKE ENERGY BUSINESS SERVICES, §
LLC,                           §
                               §
    *Defendant.*              §

## ORDER

Pending before the Court is plaintiff Winston Hamilton's ("Hamilton" or "Plaintiff") Motion to Reconsider (Doc. No. 20).[1] Defendant Duke Energy Business Services, LLC ("Duke" or "Defendant") responded in opposition (Doc. No. 21) and Plaintiff replied (Doc. No. 22). Plaintiff's counsel, Alfonso Kennard ("Mr. Kennard"), also recently filed a Motion to Withdraw as Attorney (Doc. No. 25). Plaintiff responded in opposition (Doc. No. 26) and counsel replied (Doc. No. 27). Having considered the briefs and the arguments of counsel, the Court hereby **DENIES** Plaintiff's Motion to Reconsider and Motion for Leave to Amend and **GRANTS** counsel's Motion to Withdraw as Attorney.

## I.     Background

Plaintiff, a former employee of Defendant, filed this lawsuit against Defendant asserting race discrimination and retaliation under 42 U.S.C. § 1981. Defendant subsequently filed a Motion

---

[1] Plaintiff has essentially filed a Motion to Reconsider and a Motion for Leave to Amend within the same filing, even though it is titled solely as a Motion to Reconsider and even though a combined filing violates this Court's rules. (*See* Doc. No. 20); *see also* Judge Hanen's Civil Procedures § 3E ("Counsel shall not combine two different and unrelated pleadings … into the same electronically filed document"). Moreover, as Defendant points out, Plaintiff's Motion did not include a Certificate of Conference. Despite these infirmities, this Court, in the interest of resolving this controversy, will address the entirety of the parties' arguments.

to Dismiss (Doc. No. 6) for improper venue and failure to state a claim. This Court granted Defendant's Motion to Dismiss and dismissed the case for lack of venue. (Doc. No. 19).

In granting the Motion to Dismiss, this Court found that venue was improper because Defendant is a Delaware company with its principal place of business in Charlotte, North Carolina. Plaintiff was never employed by Defendant in Texas, nor did he perform any work in Texas. Instead, Plaintiff's employment with Defendant was at all times either in North Carolina or South Carolina.

Plaintiff contended that this Court should maintain this case based on Defendant's relationship with McDermott, a company allegedly headquartered in Houston, Texas. McDermott is not a party to this lawsuit, and even in the request for leave to file an Amended Complaint, no one has suggested that it should become one. Specifically, Plaintiff argued in his Response in opposition to the Motion to Dismiss that Defendant maintained a relationship with McDermott "in support of the Ashville Combined Cycle project," and Defendant had "on-going operations in Houston, Texas, through the commissioning and warranty period of the Ashville Combined Cycle Project." In Plaintiff's Original Complaint, however, there was no reference whatsoever to an "Ashville Combined Cycle project," so the Court does not know what that is, or how it relates to Plaintiff's claims. Moreover, this Court found that the only allegations tying McDermott to this litigation was the fact that Plaintiff allegedly acquired a job there after his departure from Defendant.

Plaintiff also attempted to establish venue by arguing that "a substantial part of the events or omissions giving rises to the claim" occurred in the Southern District of Texas. According to Plaintiff's Original Complaint, "Defendant's agreement with McDermott" gave rise to his

2

employment discrimination claims. The Court found, again, in granting the Motion to Dismiss, that these allegations were insufficient to show that a substantial part of the dispute took place in the Southern District of Texas. Accordingly, this Court granted Defendant's Motion to Dismiss based on improper venue.

Plaintiff subsequently filed a Motion to Reconsider (Doc. No. 20) under Federal Rule of Civil Procedure Rule 59(e). Although Plaintiff's Motion is titled a "Motion to Reconsider," Plaintiff also requests leave to amend his Complaint within the same Motion. In addition to Rule 59(e) arguments, Plaintiff argues that he should be allowed to amend his complaint to provide more facts about the "Ashville Combined Cycle project" and to provide facts relating to the location and availability of witnesses located in the Southern District of Texas. (*Id.* at 1-2). Defendant responded in opposition (Doc. No. 21) and Plaintiff replied (Doc. No. 22).

While Plaintiff's Motion to Reconsider was pending, Plaintiff individually, without his counsel, filed a Motion to Amend Complaint (Doc. No 23), which was essentially a letter to this Court. This Court had not yet ruled on Plaintiff's Motion to Reconsider when this Motion to Amend was filed. Based on Plaintiff's Motion to Amend Complaint, it appears that Plaintiff is alleging that his counsel, Alfonso Kennard, is "deliberately ignoring [his] request for drafting and filing an amended complaint." (Doc. No. 23). Counsel for Plaintiff subsequently filed a Motion to Withdraw as Attorney (Doc. No. 25), where they explained that Plaintiff had given notice to his attorneys that he was seeking representation in North Carolina and that the subsequent conflict between them has resulted in an untenable attorney-client relationship. Plaintiff responded in opposition (Doc. No. 26).

## II.     Legal Standard

Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted).

## III.     Analysis

### A.  Motion to Reconsider & Motion for Leave to Amend

As an initial matter, Plaintiff has raised insufficient grounds for reconsideration. Rule 59(e) motions have been repeatedly held by the Fifth Circuit to be an improper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d 473, 479 (5th Cir. 1990). Plaintiff has not raised any arguments that suggest that this Court made a manifest error of law or that there is new evidence.

To the extent that Plaintiff alleges that the proposed additional factual allegations he includes in his Motion constitute newly discovered evidence, the Court finds this argument unavailing. Plaintiff clearly included these additional facts in order to request leave to amend his Complaint, not to support its Rule 59(e) motion.

Plaintiff argues that these additional factual allegations would support venue in the Southern District of Texas. According to Plaintiff, these facts show that direct contacts were established between McDermott and Defendant, and that Plaintiff's claims arise out of Defendant's

purposeful activities in the forum state, contracting with McDermott, and through performance of the Asheville Combined Cycle project. The facts from his Motion have been reproduced below:

- The Duke Energy Asheville Combined Cycle (ACC) Power Plant was engineered and constructed by Chicago Bridge and Iron Company (CB&I), an entity which entered into a Business Combination Agreement, "merged", with McDermott International Inc. on December 18, 2017. McDermott International Inc., is headquartered in the Southern District of Texas, property address 915 N Eldridge Pkwy, Houston, TX 77079.

- Mobilization for construction of the ACC project began in 2016 with both units becoming fully operational in April 2020, with a Warranty period extending at least one year past the substantial completion of the project. The ACC project was mainly supported by the CB&I Charlotte office until its closure during the 1st quarter of 2020. Houston based McDermott personnel provided oversight throughout the duration of the ACC construction project, and eventually assumed all project support through the closure of the CB&I Charlotte office during the early months of 2020.

- Several Duke Energy Business Services (DEBS) key decision-making personnel were identified; all of which supported the ACC project. John Snyder was the ACC projects General Manager, Jeffery Blackwood served as the Project Director, and Ashley Wrona supported in the role of Project Controls. There were also key project personnel employed by DEBS that supported construction activities for the ACC project that would have been witness to the events outlined by Plaintiff. All referenced personnel worked closely with Plaintiff in support of the W.S. Lee Combined Cycle Power plant project in Anderson County SC and other departmental projects up until Plaintiff's departure in October of 2018.

- Collusion between McDermott and Duke Energy in regard to Plaintiff's hiring at McDermott, which reinforces the constructive discharge from DEBS that the Plaintiff experienced.

- Jason Ezelle was a Construction Manager in support of the Lee Combined Cycle Project through the first half of 2016. Mr. Ezelle would leave DEBS in 2016, to work for McDermott International until sometime in 2020. Plaintiff learned from former DEBS senior supervisory personnel that Mr. Ezelle was being investigated for pornography on his computer, workplace sexual harassment, and making racist comments at the time of his departure from DEBS. Plaintiff also alleges that Mr. Ezell is a "highly likely candidate" for spreading rumors about Plaintiff during his employment at DEBS.

5

The Court finds that if Plaintiff were permitted to amend his Complaint to include these facts, that they would not cure the deficiencies addressed by this Court when it dismissed the case based on improper venue. None of Plaintiff's facts change this Court's findings that the Defendant does not reside in Texas and none of the pertinent underlying events of this case took place in Texas. Moreover, although Plaintiff contends that it addresses what the "Ashville Combined Cycle project" is, the facts are still entirely devoid of any information of its relevance, what this project entailed, how Plaintiff was involved and how it relates to his cause of action, or how it cures Plaintiff's venue problem. According to the new facts, this project is in North Carolina and the supervising personnel are in South Carolina.

Moreover, Plaintiff's Motion to Reconsider does not present newly discovered evidence, nor was it manifest error of law. Plaintiff also does not appear to argue either of these points. Moreover, Plaintiff's additional factual allegations fail to cure any of the venue issues that were already addressed by this Court when it dismissed the action, so granting leave to amend would be futile. Accordingly, this Court denies Plaintiff's Motion for Reconsideration and Motion for Leave to Amend.

B. <u>Motion to Withdraw as Attorney</u>

In his Motion to Amend, Plaintiff states that he could not get in contact with his attorneys, and also alleges that his counsel is "operating with a conflict of interest, and this is preventing him from properly handling the matter." (Doc. No. 23). Plaintiff also states that he contacted the State Bar of Texas' Client-Attorney Assistance Program because he has been unable to communicate with his attorneys. (*Id.*). Based on Plaintiff's statements, it would appear that Plaintiff is no longer interested in having Mr. Kennard as counsel.

Following Plaintiff's filing of his Motion to Amend, Mr. Kennard filed a Motion to Withdraw as Attorney. (Doc. No. 25). In his Motion, Mr. Kennard noted that Plaintiff had informed him of his intent to seek new counsel in North Carolina and had communicated with Mr. Kennard multiple times between October 2022 and January 2023 about filing an Amended Complaint. (*Id.* at 2). According to Mr. Kennard, Plaintiff was aware that his case was dismissed and that he needed to seek counsel in the appropriate venue. (*Id.*). Instead of doing so, however, Plaintiff allegedly continued to urge his attorneys to file an Amended Complaint, which Mr. Kennard contends he would have prepared upon a favorable ruling by this Court in Plaintiff's Motion to Reconsider. (*Id.*).

In response to Mr. Kennard's request to withdraw, Plaintiff argues that Mr. Kennard lacks good cause and consent to withdraw, and that his withdrawal would cause unreasonable hardship to Plaintiff. (*See* Doc. No. 26). Specifically, Plaintiff contends that Mr. Kennard "deliberately ignored" his request to work on an Amended Complaint and that Mr. Kennard has done so with an "intent to harm [Plaintiff]'s case moving forward." (*Id.* at 2).

Based on the record and the correspondence between Plaintiff and his attorney, it is clear to this Court that Plaintiff and his attorney have irreconcilable differences. Without going into the relative merits of each one's position, the Court notes that its Order on the Motion to Dismiss stands. Consequently, Plaintiff will need to acquire new counsel in the appropriate venue.

Given that this Court hereby denies Plaintiff's Motion for Reconsideration and Motion for Leave to Amend, Plaintiff no longer has a case within the Southern District of Texas. Furthermore, since Plaintiff was apparently already seeking counsel in North Carolina, Mr. Kennard and his law firm do not have any attorneys located in North Carolina, and there is no longer a live controversy

7

here in the Southern District of Texas, the Court sees no reason that Mr. Kennard must continue to represent Plaintiff. Accordingly, this Court grants Mr. Kennard's Motion to Withdraw as an attorney.

### IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Reconsider and Motion for Leave to Amend (Doc. No. 20) and **GRANTS** Mr. Kennard's Motion to Withdraw as Attorney (Doc. No. 25).

Signed at Houston, Texas, this _____ day of March, 2023.

Andrew S. Hanen
United States District Judge

8